UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                  Case No. 8:15-CR-309-T-27AEP

ABDUL FARID NAIM MUHAMMAD
_____/

ORDER

**BEFORE THE COURT** is Defendant's *pro se* "Emergency Motion to Reduce or Modify Term of Imprisonment [Pursuant] to Title 18 U.S.C. 3582(c)(1)(A)(i) and/or 12003(B)(2) of The Cares Act Passed Into Law on March 27, 2020." (Dkt. 56). A response is unnecessary. The motion is **DENIED**.

Defendant pleaded guilty to interference with commerce by robbery (Count One) and carrying and discharging a firearm during and in furtherance of a crime of violence (Count Two). He was sentenced as a career offender to consecutive terms of 46 months imprisonment on Count One and 120 months imprisonment on Count Two, to be followed by 5 years of supervised release. (Dkt. 43 at 2, 3). This Court denied his motion to reduce the sentence pursuant to section 404 of the First Step Act. (Dkt. 55).

He now seeks a sentence reduction "to minimize [his] exposure to contracting the novel zoonotic highly dangerous corona-virus, also known as COVID-19." (Dkt. 56 at 1). Specifically, he asserts that the Bureau of Prisons ("BOP") lacks the ability to provide adequate medical attention, and that because he "is 43 years of age and suffers from asthma," he "is at a significant risk of severe illness from the COVID-19." (Id. at 2, 5). He further contends that his "medical conditions alone are enough to justify a reduction in sentence." (Id. at 5). His contentions are without merit.

1

The First Step Act amended § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). In his motion, Defendant contends that the exhaustion requirement may be waived during "a serious national emergency." (Dkt. 56 at 4). That contention is without merit.[1] Notwithstanding, he provides documentation reflecting that on May 1, 2020, BOP denied his request for compassionate release. (Dkt. 56-1 at 12). However, upon review, it is unclear what grounds Defendant raised when he asked the BOP to consider him for compassionate release, and he does not provide the basis of that request in his motion. Therefore, this Court is without authority to consider the merits of his motion. *See United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

Even if he has satisfied the exhaustion requirement, Defendant fails to identify extraordinary and compelling reasons warranting compassionate release. While section 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The

---

[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust

application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1. None of Defendant's contentions fall within application notes (A)-(D). He does not contend that he has been diagnosed with a terminal illness, or that he is suffering from a serious and advanced illness with an end of life trajectory. Nor has he demonstrated that he suffers from a physical or medical condition, functional or cognitive impairment, or deteriorating physical or mental health resulting from the aging process that diminishes his ability to provide self-care in a prison setting. He does not identify any person with whom he shares a close relationship who has died or become incapacitated. And he does not contend that the BOP has determined that some other extraordinary and compelling reason exists.

Although he suffers from asthma, he does not assert or provide documentation demonstrating that his medical conditions substantially diminish his ability to provide self-care. *See* § 1B1.13, cmt. n.1(A)(ii); *see also United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4.

In sum, none of Defendant's reasons are encompassed within the "extraordinary and

---

administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)").

compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are therefore not consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, this Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.[2]

      **DONE AND ORDERED** this 6th day of August, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] In the alternative, Defendant requests that his sentence be reduced or modified pursuant to section 12003(b)(2) of the CARES Act. (Dkt. 56 at 1). However, section 12003(b)(2) of the CARES Act pertains to the BOP's authority under 18 U.S.C. 3624(c)(2) to place an inmate on home confinement. CARES Act, Pub.L. 116-136, Div. B, Title II, § 12003(b)(2). Indeed, the authority to place a prisoner on home confinement rests solely with the BOP. *See* 18 U.S.C. § 3624(c)(2); *United States v. Brown*, Case No. 3:10-cr-282-J-34JBT, 2020 WL 3051352, at *1 (M.D. Fla. June 8, 2020) (finding that "a district court 'has no authority to grant [a defendant's] request for placement in home confinement. Rather, § 3624(c)(2) grants the BOP with the exclusive authority to determine an inmate's place of confinement.'" (citation omitted)). Accordingly, Defendant's request for relief is without merit.